**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVID L. MCMILLAN,<br><br>    Defendant. | No.  CV-06-0951-PCT-SMM<br><br>ORDER MODIFYING ASSET FREEZE |

The Court has considered Plaintiff's Motion to Alter the Asset Freeze (Dkt 19) contained in the preliminary injunction that was entered on April 17, 2006, to allow Polly McMillan, the former wife of defendant David McMillan, to sell two items of community property, a pontoon boat and Harley Davidson motorcycle, and then use $5,628.06 of proceeds from the sale to pay mortgage and late charges on the couple's house, which is currently in default, and to allow Mrs. McMillan to use an additional $8,382.60 of the proceeds to make the December 2006, January and February 2007 mortgage payments.

The court has discretion to modify the asset freeze and may consider requests to release funds to pay living expenses.  See e.g. *SEC v. Coates,* 1994 U.S. Dist. Lexis 11787 *3-4 (S.D.N.Y. 1994) (court considered whether investors interests would be served by modifying asset freeze to pay mortgage and living expense); *CFTC v. Noble Metals Int'l*, 67 F.3d 766, 775 (9th Cir. 1995) (court has discretion to limit payment of attorney fees out of frozen assets).  The Court finds that modifying the asset freeze to allow the sale of these two items and use of the proceeds for mortgage payments is in the best interest of the investors, to preserve the house as an asset against which the SEC may obtain disgorgement in this matter.

**THEREFORE IT IS ORDERED** that the Court's Preliminary Injunction and Asset Freeze entered on April 17, 2006 is modified to allow Polly McMillan to sell two items of community property, a pontoon boat and Harley Davidson motorcycle, and then use $5,628.06 of proceeds from the sale to pay mortgage and late charges on the couple's house, which is currently in default, and to allow her to use an additional $8,382.60 of the proceeds to make the December 2006, January and February 2007 mortgage payments. Mrs. McMillan is ordered to provide plaintiff's counsel with copies of the checks that she receives as payment for these two items. Mrs. McMillan is ordered to provide to plaintiff's counsel proof that she has made the payments to the mortgage company to cure the default and the December 2006 mortgage payment. After making the $14,010.66 in mortgage payments and late charges, Mrs. McMillan is ordered to pay the remaining balance of the proceeds from the sale of these two items into the registry of the court. The funds deposited into the registry of the court shall be placed in an interest bearing account

Dated this 7th day of December, 2006.

Stephen M. McNamee
United States District Judge