**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>David L. McMillan,<br><br>Defendant. | No. CV-06-0951-PCT-SMM<br><br>**ORDER** |

Before the Court is the Motion to Amend Court's Order re: Conditional Deposit of Funds Into the Registry of the Court (Dkt. 43). This matter initially came before the Court on a stipulation of Plaintiff Securities and Exchange Commission ("Commission") and interested party Daniell's Recycling, LLC ("Recycling"). (Dkt. 39.) The Court granted the stipulation and permitted funds in the amount of $124,741.67 to be deposited into the registry of the Court. (Dkt. 41, Order dated May 5, 2008.) Counsel for Recycling subsequently attempted to deposit a check in the amount of $125,102.02 into the registry of the Court, that amount representing the original amount plus accumulated interest of $360.35. The Clerk of the Court refused to accept the check because the amount differed from that set forth in the Court's Order. Commission and Recycling therefore filed a Motion to Amend the Court's Order, which is currently before the Court (Dkt. 43). Good cause appearing,

1    **IT IS HEREBY ORDERED** that Commission and Recycling shall cause funds
2 from a May 29, 2008 Cashier's Check ("Cashier's Check"), check number 0649202271,
3 in the sum of $125,102.02 to be deposited into the registry of the Court.  This order shall
4 pertain to any check replacing the original check because it had become a stale
5 instrument.

6    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to accept
7 these funds and forthwith maintain them in the registry of the Court for this matter, but is
8 directed to sequester $76,092.41 of the funds until further order of the Court.  The
9 remainder of the funds represented by the check are to be maintained with other funds on
10 deposit in this action.

11   **IT IS FURTHER ORDERED** that Recycling shall be permitted to file a motion
12 without opposition from Commission to intervene in this matter for the purpose of
13 asserting a claim against the sequestered funds referenced above.  By allowing Recycling
14 to intervene, Commission is not waiving any of its rights or claims to any of the funds
15 represented by the Cashier's Check.

16   **IT IS FURTHER ORDERED** that Commission and Recycling shall inform the
17 Court as to their desire, either by subsequent stipulation or motion, as to how the
18 sequestered funds are to be disbursed at the conclusion of litigation between the parties.

19    DATED this 17th day of June, 2008.

Stephen M. McNamee
United States District Judge